(C. D. 351)

WILLIAM J. OBERLE, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 6, 1940)

*E. D. Howald* for the plaintiff.

*Webster J. Oliver,* Assistant Attorney General (*Joseph E. Weil,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been paid in excess of the amount due on an importation of okra from Cuba. The plaintiff claims that he should have been allowed the rate of duty provided for in the Cuban Trade Agreement (T. D. 47232). The collector of customs at the port of entry assessed duty at the rate of 50 per centum ad valorem under the provisions of paragraph 774 of the Tariff Act of 1930 with a reduction of 20 per centum under the terms of the Commercial Reciprocity Treaty between the United States and the Republic of Cuba concluded December 11, 1902.

When the case was called for trial the attorney for the plaintiff submitted it on the "papers and collector's report in evidence," and requested permission to file a brief, which was granted. However, no brief was filed on the part of the plaintiff, although the Government has filed a brief.

From the entry and invoice in evidence it appears that the importation consisted of okra, tomatoes, and pineapples. The protest covers only the okra. The collector reports that:

The okra was imported on November 29, 1937, and entry made on December 1, 1937. It was therefore assessed with duty at the rate of 50% ad valorem under Paragraph 774 of the Tariff Act of 1930, less 20% Cuban Reciprocity, instead of at the rate provided in the Cuban Trade Agreement, T. D. 47232.

The provision in the Cuban Trade Agreement under which plaintiff claims is as follows:

774. Okra in its natural state, when imported and entered for consumption during the period from December 1 to the following May 31, inclusive, in any years.

It therefore clearly appears that the instant merchandise was not "imported" during the period mentioned in the trade agreement. The fact that it was entered during that period is not sufficient to satisfy the terms of the agreement, i. e., "imported and entered."

Plaintiff's claim is therefore overruled. Judgment for defendant. It is so ordered.