(C. D. 1396)

D. Kelman & Co. *v.* United States

## United States Customs Court, Third Division

(Decided March 11, 1952)

Strauss & Hedges (James F. Donnelly of counsel) for the plaintiff.
Charles J. Wagner, Acting Assistant Attorney General (Harold L. Grossman and Richard F. Weeks, special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; CLINE, J., not participating

EKWALL, Judge: This is a protest, arising at the port of New York, against the collector's assessment of duty on dried beans, imported from Italy, at 3 cents per pound under paragraph 765 of the Tariff Act of 1930. It is claimed that the merchandise is properly dutiable at 1½ cents per pound under said paragraph, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and T. D. 52167.

The pertinent provisions of the tariff act and the trade agreement are as follows:

PAR. 765. Beans, not specially provided for, and black-eye cowpeas: * * * dried, 3 cents per pound; * * *.

PAR. 765 [as modified by the General Agreement on Tariffs and Trade, T. D. 51802]. Beans, not specially provided for:
Dried, when entered for consumption during the period from May 1 to August 31, inclusive, in any year:

| | |
|---|---|
| Red kidney | 2¢ per lb. |
| Other | 1½¢ per lb. |

Paragraph 765, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, became effective on March 16, 1949, pursuant to a Presidential proclamation dated March 8, 1949, T. D. 52167. Italy acceded to the General Agreement on Tariffs and Trade as a result of trade negotiations held in 1949 at Annecy, France.

At the trial, counsel for the plaintiff offered in evidence as a collective exhibit the papers transmitted by the collector to the court, particularizing the entry and the withdrawal. The papers were received into evidence and both sides submitted.

It appears from the official papers that the merchandise herein was entered under warehouse entry on August 17, 1949, and was withdrawn from warehouse on a duty-paid warehouse-withdrawal-for-consumption permit on August 31, 1949. The appraiser advisorily returned the merchandise to the collector for classification at the rate of 1½ cents per pound. The collector returned the invoice to the appraiser with the following notation:

Please review rate noting that par. 765 reads: "dried beans, N. S. P. F. when withdrawn from W. H. for consumtion [sic] at any time", are dutiable at 3¢ per lb.

The appraiser struck out his return of 1½ cents per pound as noted on the consular invoice and substituted the rate of 3 cents per pound, dating the same February 15, 1950. The collector assessed the merchandise at the 3-cent rate and demanded the increased duties.

The question involved in this case is the construction to be given the words "when entered for consumption during the period from May 1 to August 31, inclusive, in any year" in the provision for dried beans in paragraph 765, as modified by the General Agreement on Tariffs and Trade, T. D. 51802. Plaintiff claims that the provision is intended to include merchandise entered, or withdrawn from warehouse, for consumption during the stated period. Under that construction, the merchandise herein would be entitled to the reduced rate since it was withdrawn from warehouse for consumption on August 31, 1949, the last day upon which the seasonal rate was in effect in that year. Defendant claims, on the other hand, that the reduced rate is applicable only to merchandise which has been entered directly for consumption and not to merchandise withdrawn from warehouse for consumption during the stated period.

In support of its contention, the Government refers to the following statement contained in "United States Import Duties (1950)," a publication issued by the United States Tariff Commission as of July 1, 1950, and a similar statement contained in a publication issued by that body as of June 15, 1948:

| Par. No. | Description | 1930 rate | Modified rate | Reference |
|---|---|---|---|---|
| 765 | Beans, nspf: <br>   Dried: <br>     When entered for consumption during the period from May 1 to August 31, inclusive, in any year: | | | |
| |       Red kidney_____ | 3¢ per lb___ | 2¢ per lb___ | TD 52167 |
| |       Other_____ | 3¢ per lb___ | 1½¢ per lb__ | TD 52167 |
| |     When entered for consumption outside the above-stated seasonal-rate period, or when withdrawn from warehouse for consumption at any time_____ | 3¢ per lb. | | |

It is pointed out in these publications, however, that—

* * * Every care has been taken to make this presentation accurate, and it is believed to be accurate, but it must be recognized that in the final analysis the resolution of any dispute as to the proper classification and rate of duty for particular articles must be based on the original documents on which Section I of this pub-

lication is based: the Acts of Congress and Presidential proclamations made in pursuance of Congressional authority. [United States Import Duties (1950), p. VI.]

The "GENERAL NOTES" to schedule XX of the General Agreement on Tariffs and Trade, T. D. 51802, contain the following statement:

3. Wherever in this Schedule the word "entered" is used in any quota or seasonal-rate provision, it shall mean "entered, or withdrawn from warehouse, for consumption."

It appears from an examination of schedule XX that most of the quota and seasonal-rate provisions use the word "entered" without any additional or qualifying words. Note, for example, the following provisions:

| 707 | Whole milk, fresh or sour_____ | 2¢ per gal. |
|-----|-----------------------------------------------------------|-------------|
|     | *Provided,* That not more than an aggregate quantity of 3,000,000 gallons of such milk entered in any calendar year shall be dutiable at 2 cents per gallon; and any such milk not subject to that rate of duty shall be dutiable at__ | 6½¢ per gal. |
| 736 | Berries, edible: | |
|     | In their natural condition or in brine: | |
|     | Strawberries, when entered during the period from June 15 to September 15, inclusive, in any year___ | ½¢ per lb. |

However, the seasonal-rate provision for dried beans contains the words "when entered for consumption" and the question is whether the different phraseology requires a different construction.

In order to answer this question, it is pertinent to examine the wording used in prior trade agreements. Several different phrases have been employed in connection with quota and seasonal-rate provisions, such as "entered, or withdrawn from warehouse, for consumption"; "imported and entered for consumption"; and "entered for consumption." The phrase "entered, or withdrawn from warehouse, for consumption" has been used generally in connection with quota provisions. T. D. 47232, trade agreement with Cuba, par. 605 (tobacco); T. D. 48033, trade agreement with Canada, par. 701 (cattle); T. D. 49752, trade agreement with Canada, par. 214 (ground nepheline syenite) and par. 717 (b) (fish, fresh or frozen); T. D. 48075, trade agreement with the Netherlands, par. 601 (tobacco); T. D. 50797, trade agreement with Mexico, par. 701 (cattle); T. D. 50015, trade agreement with Venezuela, sec. 3422 (petroleum and fuel oil). However, in some quota provisions the phrase "entered for consumption" was used. T. D. 48033, trade agreement with Canada, par. 707 (cream, fresh or sour) and par. 771 (white or Irish seed potatoes); T. D. 49752, trade agreement with Canada, par. 707 (whole milk, fresh or sour; cream, fresh or sour) and par. 771 (white or Irish seed potatoes; white or Irish potatoes). The phrases "imported and entered for consumption" and "entered for consumption" were used primarily in connection with seasonal-rate provisions.

T. D. 47232, trade agreement with Cuba, par. 743 (grapefruit), par. 765 (lima beans, green or unripe, in their natural state), par. 772 (tomatoes in their natural state), and par. 774 (cucumbers in their natural state; eggplant in its natural state; okra in its natural state; peppers in their natural state; squash in its natural state); T. D. 48033, trade agreement with Canada, par. 769 (peas) and par. 771 (white or Irish seed potatoes); T. D. 49752, trade agreement with Canada, par. 769 (peas) and par. 771 (white or Irish seed potatoes; white or Irish potatoes); T. D. 49753, trade agreement with the United Kingdom, par. 774 (celery in its natural state); T. D. 50504, trade agreement with Argentina, par. 742 (grapes), par. 748 (plums, prunes, and prunelles, green or ripe, not in brine), and par. 774 (asparagus in its natural state); T. D. 50797, trade agreement with Mexico, par. 765 (lima beans, green or unripe) and par. 774 (eggplant in its natural state; cucumbers in their natural state). These seasonal-rate reductions have been granted to fruits and vegetables imported during periods when the normal production in the United States is at a minimum. See comments in the Digests of Trade Data in connection with the trade agreements with the following countries: Argentina (pars. 748 and 774), United Kingdom (par. 774), Mexico (pars. 765 and 774).

In *William J. Oberle, Inc.* v. *United States*, 4 Cust. Ct. 319, C. D. 351, the court had under consideration the terms of paragraph 774 of the Tariff Act of 1930, as modified by the trade agreement with Cuba, T. D. 47232. That paragraph provided for certain merchandise "when imported and entered for consumption" during a specified period. It was held that merchandise which was entered during the period enumerated in the statute but imported prior thereto did not fall within the terms of the paragraph and, therefore, was not entitled to the reduction in duty provided therein.

Trade agreements negotiated subsequent to the above decision contain the words "entered for consumption" rather than "imported and entered for consumption." T. D. 50504, trade agreement with Argentina; T. D. 50797, trade agreement with Mexico. Moreover, the trade agreement with Cuba, T. D. 47232, was modified by deleting from paragraphs 743, 771, 772, and 774 the words "when imported and" (T. D. 50541). The purpose was apparently to make the point of reference one date, i. e., the date of entry, rather than two dates, the date of importation and the date of entry.

From the above, it is clear that the negotiators of trade agreements consistently used two different phrases in connection with quota and seasonal-rate provisions. The phrase "entered, or withdrawn from warehouse, for consumption" was used only in regard to quota provisions, most of which covered nonperishable commodities. The other phrase "entered for consumption" was used in connection with some quota provisions and with seasonal-rate provisions, most of which cov-

ered perishable commodities.    Since these phrases were used in a number of agreements, and sometimes both were used in the same agreement, it is apparent that they are not interchangeable and that the phrase "entered for consumption" was not intended to cover merchandise withdrawn from warehouse for consumption.

In the General Agreement on Tariffs and Trade, T. D. 51802, the negotiators used the word "entered" without any qualifying words in both quota and seasonal-rate provisions.    The notes indicate that this term was intended to designate merchandise "entered, or withdrawn from warehouse, for consumption."    However, in the case of dried beans the phrase used was "entered for consumption."    Since these words had been used in previous trade agreements in contradistinction to the phrase "entered, or withdrawn from warehouse, for consumption, ˙ they must have been used in the General Agreement on Tariffs and Trade with a definite purpose, namely, to limit the coverage at the reduced rate to dried beans which were entered directly for consumption during the stated period, excluding those which were withdrawn from warehouse for consumption during that period.

In this connection, it is to be noted that most of the items in the seasonal-rate provisions of the General Agreement on Tariffs and Trade cover fresh fruits and vegetables which would not be likely to be held in warehouse for any length of time.    Therefore, the change in wording from "entered for consumption" to "entered, or withdrawn from warehouse, for consumption" would not lead to any great change in practice.    However, dried beans could be stored in warehouse for a considerable length of time and held until the seasonal-rate reduction became applicable.    Therefore, a different provision as to them is logical.

We are fortified in our conclusion by the text of the supplemental proclamation by the President of March 8, 1949, reported in T. D. 52167, as follows:

WHEREAS (9) I determine that, in view of the determination set forth in the 7th recital of this proclamation, it is required or appropriate to carry out said exclusive trade agreement specified in the 3rd recital of this proclamation that on and after March 16, 1949 the second item 765 in the list set forth in the 9th recital of said proclamation of January 1, 1948, as amended and rectified, be amended to read as follows:

| Tariff Act of 1930, paragraph | Description of products | Rate of duty |
|---|---|---|
| 765 | Beans, not specially provided for, dried, when entered for consumption during the period from September 1, in any year, to the following April 30, inclusive, *or when withdrawn from warehouse for consumption at any time.*    [Italics supplied.] | 2.4¢ per lb. |

The "exclusive trade agreement specified in the 3rd recital" of the proclamation is the trade agreement with Cuba. The rate of 2.4 cents per pound represents a 20 per centum preferential reduction from the 3 cents per pound rate provided in the paragraph .and applicable to nations, other than Cuba. The construction contended for by the plaintiff herein which would provide a general rate of 1½ cents per pound to countries, other than Cuba, would result in the assessment of a higher rate on dried beans "withdrawn from warehouse for consumption at any time," if the growth, produce, or manufacture of Cuba, and thereby nullify the policy of the United States in granting preferential customs treatment to such products, which policy has been in effect since August 24, 1934 (49 Stat. (pt.2) pp. 3559 to 3645).

For the reasons above stated, we hold that the merchandise herein was properly assessed with duty at 3 cents per pound under paragraph 765 of the Tariff Act of 1930. Since it was withdrawn from warehouse for consumption rather than entered directly for consumption, the reduced rate provided in the General Agreement on Tariffs and Trade for dried beans "entered for consumption during the period from May 1 to August 31, inclusive, in any year" does not apply. The protest is overruled and judgment will be rendered in favor of defendant.